| | |
|---|---|
| 1 | BINGHAM MCCUTCHEN LLP |
|  | ROSS E. CAMPBELL (SBN 75998) |
| 2 | KATHARINE L. WEST (SBN 191284) |
|  | SAMANTHA REARDON (SBN 240068) |
| 3 | 1900 University Avenue |
|  | East Palo Alto, CA 94303-2223 |
| 4 | Telephone: (650) 849-4400 |
|  | Facsimile: (650) 849-4800 |
| 5 | Email: ross.campbell@bingham.com |
|  | Email: katharine.west@bingham.com |
| 6 | Email: samantha.reardon@bingham.com |
| 7 | Attorneys for Defendant |
|  | Kaiser Foundation Hospitals, erroneously sued herein as |
| 8 | Kaiser Foundation Hospital |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD ROGER WARD, M.D., | No. C-06-02645 JCS |
| Plaintiff, | NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) |
| v. | |
| KAISER FOUNDATION HOSPITAL, | |
| Defendant. | |
| | Date: August 4, 2006 |
| | Time: 9:30 a.m. |
| | Place: Courtroom A |
| | Mag. Judge: Hon. Joseph C. Spero |

Case No. C-06-02645 JCS

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

PA/52184698.4

## NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN THAT ON August 4, 2006 at 9:30 a.m. or as soon thereafter as the matter may be heard, in Courtroom A of this Court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California, Defendant Kaiser Foundation Hospitals will and hereby does move this Court for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing both counts of the Complaint in the above-captioned action.

The motion to dismiss each count of the Complaint is made upon the grounds that: (1) Plaintiff has failed to state a claim upon which relief may be granted under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182(a); and (2) Plaintiff has failed to state a claim upon which relief may be granted under Section 504 of the Rehabilitation Act. 29 U.S.C. § 794(a).

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, on the pleadings and records on file in this action, and such other matters as may be raised at the hearing on this motion.

2   Case No. C-06-02645 JCS
NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

PA/52184698.4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Ronald Ward, M.D. is a surgeon whose application for privileges at Kaiser Foundation Hospitals – South San Francisco ("KFH")[1] was granted, but with restrictions. He alleges that those restrictions were based "largely" on his past or present alcoholism, or on Defendant KFH's perception of his alcoholism as a disability. He claims that the restrictions thus violated the Americans With Disabilities Act ("ADA") and the Rehabilitation Act of 1973.

But Plaintiff has not identified any "major life activity" that his alcoholism impaired, nor does he allege that KFH perceived his alcoholism to do so. That failure is fatal to Plaintiff's claims under both the ADA and Rehabilitation Act. His claim under the Rehabilitation Act fails for the additional reason that he alleges only that his privileges were restricted *largely* – not solely – based on his claimed alcoholism.

As detailed below, these defects are fatal to Plaintiff's Complaint, and cannot be cured in a truthful pleading. Accordingly, Defendant KFH respectfully requests that the Court grant its motion to dismiss the Complaint, with prejudice.

## II. STATEMENT OF FACTS[2]

Dr. Ronald Ward is a medical doctor duly licensed to practice medicine in the state of California. Complaint, ¶ 3. Dr. Ward is also a recovered/recovering alcoholic who claims that his use and dependency on alcohol has never interfered with his medical practice. Complaint, ¶ 7.

---

[1] This facility is owned by defendant Kaiser Foundation Hospitals ("KFH"). For simplicity, the abbreviation "KFH" will be used herein to refer to both Kaiser Foundation Hospitals and the South San Francisco facility.

[2] The following statement of facts is based on and limited to the facts asserted by Dr. Ward in his Complaint. Although all allegations of material facts are taken as true for purposes of this motion (*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (citations omitted)), KFH reserves the right to contest these facts for any other purpose in this litigation.

3                                    Case No. C-06-02645 JCS
NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

PA/52184698.4

Dr. Ward applied for privileges at KFH in order to participate in a shared on-call arrangement. Complaint, ¶ 10. Dr. Ward was granted privileges to practice at KFH, but subjected to a six month concurrent proctoring requirement. Complaint, ¶ 11. Dr. Ward claims that his privileges were unfairly restricted at KFH largely upon the basis of his alcoholism, history of alcoholism, or defendants' perception that he was an alcoholic. Complaint, ¶¶ 14, 19, 23. Nowhere in his Complaint does he allege that his alcohol use ever interfered with a major life activity, or that defendants perceived it so interfere. *See generally* Complaint. To the contrary, he alleges that "his use and dependency upon alcohol had never interfered with his medical practice and he did not use alcohol during working hours . . . ." Complaint, ¶ 7.

## III.  ARGUMENT

### A.  Standard of Review

A complaint should be dismissed for failure to state a claim when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (finding that dismissal under Rule 12(b)(6) may be affirmed if it is clear that the complaint could not be saved by any amendment); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Dismissal is likewise appropriate where a plaintiff has included allegations in the complaint that, on their face, disclose some absolute bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) ("A plaintiff may plead herself out of court. If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." (internal citations omitted). As detailed below, defendant KFH is entitled to dismissal of the entire Complaint, with prejudice.

4   Case No. C-06-02645 JCS
NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

PA/52184698.4

### B. Plaintiff's First Cause of Action Fails Because Plaintiff Does Not and Cannot Allege Facts To Support a Claim Under Title III of the ADA.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who . . . operates a place of public accommodation." 42 U.S.C. § 12182(a). A plaintiff is disabled within the meaning of the ADA if he has (a) a physical or mental impairment that substantially limits one or more major life activities; (b) has a record of such an impairment; or (c) is regarded as having such an impairment. 42 U.S.C. § 12102(2).

#### 1. Plaintiff Has Failed To Adequately Allege Any Past Or Present Impairment That "Substantially Limits" Any "Major Life Activity."

Alcoholism is not a per se disability under the ADA. *Bailey v. Georgia-Pacific Corp.*, 306 F.3d 1162, 1167 (1st Cir. 2002); *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 794 (9th Cir. 2001) ("A plaintiff in an ADA case bears the burden of proving disability within the meaning of the ADA.") Rather, to state a claim under ADA based on a past or present impairment by alcoholism, Plaintiff must at least identify one major life activity that his alcoholism substantially limits or limited. *See* 29 C.F.R. § 1630.2(i); *Toyota Motor Mfg., Ky. v. Williams*, 534 U.S. 184, 195 (2002) ("Merely having an impairment does not make one disabled for purposes of the ADA. Claimants also need to demonstrate that the impairment limits a major life activity." (citations omitted)). Evidence that alcoholics, in general, are impaired is not sufficient to satisfy this requirement; Plaintiff bears the burden of pleading and proving substantial limitation in his particular case. *Burch v. Coca-Cola, Co.*, 119 F.3d 305, 316-17 (5th Cir. 1997).

Here, Plaintiff fails to identify any major life activity that is or has been substantially limited by his alcohol use.[3] *See generally* Complaint. Accordingly, he has failed to state a claim based on any past or present disability. *Puckett v. Park Place Entm't, Corp.*, 332 F. Supp. 2d 1349, 1355 (D. Nev. 2004) (granting defendant's motion to dismiss regarding plaintiff's discrimination claim under the ADA due to Plaintiff's failure to allege that her impairment substantially limited a major life activity).

### 2. Plaintiff Has Failed To Adequately Allege That He Was Regarded As Being Disabled.

There are two ways in which a plaintiff may invoke liability under the "regarded as" prong of Title III: (1) a defendant mistakenly believes that a person has a physical impairment that substantially limits a major life activity; or (2) a defendant mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities. *Johnson v. Paradise Valley Unified School Dist.*, 251 F.3d 1222, 1226 (9th Cir. 2001). A plaintiff asserting a claim under either of these "regarded as" theories must (1) allege that defendant regarded him as disabled; (2) allege that plaintiff was regarded as having an impairment that substantially limited a major life activity; and (3) identify the major life activity that is perceived to be limited by the perceived disability. *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 491 (1999). In other words, the plaintiff must demonstrate that the condition he is "regarded as" having is a disability within the meaning of the ADA, not merely that he is regarded as being disabled. *See Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847 (5th Cir. 1999); *Equal Employment Opportunity Comm'n v. Exxon Corp.*, 973 F. Supp. 612 (N.D. Tex. 1997) (holding that rehabilitated substance abusers are not automatically disabled but still "must prove they suffer from a 'disability' as that term is defined in 42 U.S.C. § 12102(2)."); *Equal*

---

[3] To the contrary, Plaintiff alleges that "his use and dependency upon alcohol had never interfered with his medical practice." Complaint, ¶ 7.

*Employment Opportunity Comm'n v. Exxon Corp.*, 124 F. Supp. 2d 987, 1015 (N.D. Tex. 2000) (holding that individuals with a history of substance abuse were not disabled or regarded as disabled within the meaning of the ADA.).

### C. Plaintiff's Second Cause of Action Fails Because Plaintiff Does Not and Cannot Allege Facts To Support a Claim Under Section 504 of The Rehabilitation Act.

Section 504 of the Rehabilitation Act provides, in relevant part:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a). To establish a violation under this section, a plaintiff must prove: (1) that plaintiff is an individual with a disability, (2) plaintiff is otherwise qualified to receive the benefit, (3) plaintiff was denied the benefits of the program solely by reason of his or her disability, and (4) the program in question receives federal financial assistance. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

Plaintiff's claim of disability discrimination under the Rehabilitation Act fails for two reasons. First, since section 504 of the Act imposes the same requirements as the ADA for determining whether an individual has a disability, the discussion above establishes that Plaintiff failed to allege that he is disabled. 42 U.S.C. § 12102(2); 29 U.S.C. §§ 794(a), 705(20)(B); *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1067 (9th Cir. 2005) (holding that Plaintiff did not qualify for protection under either the Rehabilitation Act or the ADA because Plaintiff could not establish that he is substantially limited in a major life activity as required by the ADA).

Second, Plaintiff's section 504 claim fails because Plaintiff did not and cannot allege that his privileges were restricted *solely* by reason of his alleged disability. Plaintiff's own

7                                    Case No. C-06-02645 JCS
NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

PA/52184698.4

1  Complaint reveals that his alleged disability was not the sole reason for defendants' action.
2  Rather, he alleges that "the Judicial Review Committee upheld the position of the credentialing
3  committee of KSSF *largely* upon the basis that Dr. Ward had a history of alcohol dependency
4  and treatment . . . ."  Complaint, ¶ 14 (emphasis added).  *Lewin v. Med. Coll.*, 910 F. Supp. 1161,
5  1172 (D. Va. 1996) (granting defendants' motion to dismiss where plaintiff failed to, nor could
6  he, plead that he was denied the benefits of a medical education or discriminated against by
7  plaintiff solely by reason of his disability because other factors were considered).  For these
8  reasons, Plaintiff's claim under Section 504 of the Rehabilitation Act should be dismissed with
9  prejudice.

10  **IV.   CONCLUSION**
11           For the foregoing reasons, KFH respectfully requests that the Court dismiss
12  Plaintiff's entire Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice.
13  DATED:  June 26, 2006

                                   BINGHAM MCCUTCHEN LLP


                                   By: _____
                                         Samantha Reardon
                                         Attorneys for Defendant
                                         Kaiser Foundation Hospitals

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

PA/52184698.4