UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ROGER WARD, M.D.,<br><br>    Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITAL,<br><br>    Defendant.<br>_____/ | No. C-06-2645 JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND DISMISSING COMPLAINT WITH LEAVE TO AMEND [Docket No. 13]** |

## I. INTRODUCTION

On Friday, August 25, 2006, at 1:30 p.m., Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6) (the "Motion") came on for hearing. For the reasons stated below, the Motion is GRANTED in part and DENIED in part. Plaintiff's complaint is dismissed with leave to amend.

## II. BACKGROUND

### A. Facts[1]

Plaintiff is a medical doctor licensed by the State of California. Complaint at 2. Defendant Kaiser Foundation Hospital ("KFH") is a hospital and therefore is a covered entity under the ADA pursuant to 42 U.S.C. § 12181(7)(F). *Id*. KFH is also a covered entity under the Rehabilitation Act, 29 U.S.C. § 794, because it receives Federal financial assistance. *Id*.

Plaintiff has been employed at KFH as a head and neck surgeon since 1979. *Id*. He was appointed Chief of Otolaryngology/Head and Neck Surgery ("OTO/HNS") for the hospital in 1992, and held this position until 1999. *Id*. at 3. Around September of 1997, Dr. Ward "became

---

[1] The Court assumes all allegations of the Complaint to be true for the purposes of this Motion. *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).

concerned about his own use of, and possible dependency upon, alcohol." *Id*. "While his use and dependency upon alcohol never interfered with his medical practice and he did not use alcohol during working hours," he voluntarily asked for a leave of absence from KFH to seek alcohol dependency treatment in an Oregon facility. *Id*. After six weeks in the Oregon facility, he was hospitalized for depression for three weeks. *Id*. Plaintiff then returned to KFH in San Francisco, where he underwent a psychological examination to determine whether he was fit to return to duty. *Id*. To address concern that he might have lost some of his skills as a surgeon due to his alcohol dependency and rehabilitation, Plaintiff voluntarily agreed to undergo a program of proctoring in order for his surgery skills to be evaluated. *Id*. After 33 months of being proctored, all of Plaintiff's privileges as a surgeon were restored. *Id*. at 3-4. Plaintiff alleges that he has been "clean and sober" since 1997. *Id*. at 3. He regularly attends support groups in order to remain sober. *Id*.

After Plaintiff's privileges were restored, the Physician in Chief at KFH in San Francisco asked Plaintiff to participate in a joint on-call sharing arrangement with Kaiser South San Francisco that required Plaintiff to apply for privileges at Kaiser South San Francisco. *Id*. at 4. This application for privileges was denied on January 3, 2003, "on the basis of [Plaintiff's] past history of alcohol dependency and his voluntary participation in an extended program of alcohol rehabilitation." *Id*.

The hearings and appeals that followed were contentious, and Plaintiff asserts that there were several people involved in the decision-making process who could not be impartial. *Id*. at 5. Ultimately, on February 28, 2005, the Judicial Review Committee upheld the decision of the Kaiser South San Francisco credentialing committee "largely on the basis that Dr. Ward had a history of alcohol dependency and treatment and had undergone an extensive period of proctoring at KSF as a result of those facts." *Id*. On September 21, 2005, a final hearing was held before the Appellate Review Panel. *Id*. at 6. The negative decision from that hearing "recites that Dr. Ward's history of alcohol treatment and the proctoring which followed it were motivating factors . . . to uphold the decision of the KSSF Medical Review Committee." *Id*. On November 8, 2005, Defendant filed an Adverse Action Report with the National Practitioner Data Bank against Dr. Ward, that "severely and adversely affects Plaintiff's ability to practice his chosen profession and business." *Id*.

2

### B. Procedural Background

On April 19, 2006, Plaintiff filed a Complaint seeking damages and injunctive relief. Plaintiff brings two claims against Defendant, asserting that Defendant discriminated against him on the basis of a disability or perceived disability in violation of: 1) Title III of the ADA, 42 U.S.C. § 12182(a); and 2) § 504(a) of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a).

On June 26, 2006, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the Motion, Defendant asserts that Plaintiff has failed to state a claim upon which relief may be granted under either Title III of the ADA or under § 504 of the Rehabilitation Act. First, Defendant asserts that Plaintiff has not sufficiently alleged that he is "disabled" within the meaning of the ADA or the Rehabilitation Act. In particular, Defendant argues, Plaintiff has not alleged that he is limited in a "major life activity" as a result of his alcoholism; nor has he alleged that Defendant regarded Plaintiff as having an impairment that substantially limits a major life activity. Second, Defendant asserts that Plaintiff's Rehabilitation Act claim fails because he has not alleged that his privileges were restricted "solely" as a result of his alcoholism, as required under the Rehabilitation Act, but rather, alleges that he was terminated "largely" based on his alcoholism.

## II. ANALYSIS

### A. Standard of Review

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000). All allegations of material fact in the complaint are assumed to be true and construed in the light most favorable to the non-moving party. *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).

### B. Plaintiff's Allegations That He Is Disabled

Defendant asserts that Plaintiff fails to state a claim under the ADA or the Rehabilitation Act because he has not sufficiently alleged that he is disabled. Under both the ADA and the Rehabilitation Act, a disability is defined as:

3

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2); *see also* 29 U.S.C. § 791(g) (providing that same standards apply to Rehabilitation Act claims as are applied under the ADA). For the reasons stated below, the Court concludes that Plaintiff's complaint fails to state a claim under either § 12102(2)(A), based on an actual impairment, or § 12102(2)(C), based on a perceived impairment.

### 1. Actual Impairment

Although a number of courts have held that a plaintiff need not identify a "major life activity" to state a claim under § 12102(2)(A) where one could reasonably be inferred from the allegations in the complaint, *see, e.g., Rohm v. Homer*, 367 F. Supp. 2d 1278 (N.D. Cal. 2005), the Supreme Court has made clear that a plaintiff does not state a claim based on actual disability where he has alleged facts showing that no major life activity is impaired. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999).

In *Rohm*, the plaintiff alleged that she had been sexually harassed by her supervisor and that she was forced to take a medical leave as a result of the severe stress caused by her employment environment. 376 F.Supp. 2d at 1280. Among her claims, she asserted a claim for disability discrimination in violation of the ADA. *Id*. at 1282. The defendant asserted that this claim should be dismissed for failure to state a claim because the plaintiff did not identify a "major life activity" that was substantially limited by her impairment. *Id*. The court disagreed, however, concluding that so long as a plaintiff pleads an impairment with clarity, an ADA plaintiff need not specifically allege that a particular major life activity has been substantially limited to survive a motion to dismiss. *Id*. The court reasoned that "when a plaintiff claims to be impaired, it is not too difficult to infer which life activities the impairment affects." *Id*. at 1283. Thus, in that case, it was enough for the plaintiff to allege that severe stress caused her to take a leave from work because this allegation gave the defendant adequate notice of the basis of her claim, namely, that she was substantially limited in her ability to work, which is a major life activity. *Id*.

4

In contrast, in *Sutton*, the Court held that the plaintiffs failed to state a claim under the ADA based on actual disability where the plaintiffs, who were severely myopic, had expressly alleged that with corrective measures their vision was 20/20 and that they "function[ed] identically to individuals without a similar impairment." 527 U.S. at 488. The Court's holding was based, in part, on its determination that corrective measures should be considered when determining whether an ADA plaintiff is substantially limited with respect to a major life activity. *Id*. at 481-489. In *Sutton*, in contrast to *Rohm*, the plaintiffs failed to state a claim based on actual disability because they expressly alleged facts showing that their impairment *did not* substantially limit a major life activity.

Here, Plaintiff has alleged that his alcoholism did not limit his ability to work. In particular, he alleges that his alcohol dependency "never interfered with his medical practice and he did not use alcohol during working hours." Thus, in contrast to *Rohm* (and similar to *Sutton*) the Court cannot easily infer that a particular major life activity was impaired. In light of these allegations, Plaintiff fails to state a claim that he was discriminated against based on an actual disability under either the ADA or the Rehabilitation Act.[2]

### 2. Perceived Impairment

Having determined that Plaintiff's allegations do not state a claim based on actual impairment, the Court next must determine whether Plaintiff has stated a claim based on perceived impairment. *Sutton* again provides guidance. In that case, the plaintiffs alleged disability discrimination based on either an actual impairment (discussed above) or a perceived impairment. 527 U.S. at 472-473. With respect to the perceived impairment, the plaintiffs alleged that the defendant, who had refused to hire them for the position of global airline pilot on the basis of their myopia, mistakenly believed that plaintiffs, due to their poor vision, were unable to work as global airline pilots, thus substantially limiting the major life activity of working. *Id*. at 473. The Court

---

[2] The Court notes that *Menkowitz v. Pottsdown Memorial Medical Center*, 154 F.3d 113 (3d Cir. 1998), which Plaintiff discusses extensively in his Opposition, does not stand for a contrary result. In that case, the court addressed whether Title III grants a cause of action to a doctor whose hospital staff privileges have been taken away based on a disability. *Id*. at 116. The court concluded that it does. *Id* at 122. It was undisputed, however, that the plaintiff, who had been diagnosed with attention-deficit disorder, was disabled under the ADA and the Rehabilitation Act. Because Defendant in this case does not challenge the main holding of *Menkowitz*, that a physician who has been denied staff privileges by a hospital may sue on Title III, *Menkowitz* is not on point.

1  ruled that this allegation did not state a claim under § 12102(2)(C) because the position of global
2  airline pilot was only a single job and numerous other jobs utilizing the plaintiffs' skills were
3  available to them, such as regional pilot and pilot instructor. *Id*. at 473.  Therefore, the Court held
4  that the plaintiff had not alleged that the defendant regarded the plaintiff as having an impairment
5  that "substantially limits" their ability to work.  The Court held, "[w]hen the major life activity
6  under consideration is that of working, the statutory phrase 'substantially limits' requires, at a
7  minimum, that plaintiffs allege they are unable to work in a broad class of jobs." *Id*. at 491.

8  Here, Plaintiff has not alleged that Defendant regards him as having an impairment that that
9  precludes him from working in a broad class of jobs (or to allege that Defendant perceived him to
10 have a condition that impaired another major life activity).
11 Under *Sutton*, he is required to do so to state a claim based on a perceived disability.   Therefore,
12 Plaintiff fails to state a claim under the ADA or Rehabilitation Act and these claims must be
13 dismissed.

### C.  Discrimination Based "Solely" on Disability

15 Defendant asserts that Plaintiff's Rehabilitation Act claim should be dismissed for the
16 additional reason that "Plaintiff did not and cannot allege that his privileges were restricted *solely* by
17 reason of his alleged disability."  Motion at 7.  The Court concludes that Plaintiff's allegations are
18 sufficient to support an inference that the alleged discrimination was "solely" based on his
19 alcoholism and therefore, his Rehabilitation Act claim is adequately plead in this respect.

20 Under § 504(a) of the Rehabilitation Act, beyond being disabled, a plaintiff must prove that
21 he is "otherwise qualified" for the position, that he was excluded from the position "solely" by
22 reason of his disability, and that the program in question receives federal financial assistance.  29
23 U.S.C. § 794(a).  Defendant asserts that Plaintiff fails to allege that he was terminated "solely" by
24 reason of his disability because he expressly alleges in his complaint that "the Judicial Review
25 Committee upheld the position of the credentialing committee of KSSF *largely* upon the basis that
26 Dr. Ward had a history of alcohol dependency and treatment . . . ."  Motion at 8 (quoting Complaint
27 at 5 (emphasis added by Defendant)).  The Court rejects Defendant's position, however, because
28 elsewhere in the Complaint, Plaintiff alleges that "Kaiser South San Francisco denied his application

6

for privileges in its entirety on January 3, 2003, on the basis of his past history of alcohol dependency and his voluntary participation in an extended program of alcohol rehabilitation." In addition, Plaintiff does not allege any specific facts indicating that Defendant had a mixed motive. In short, Plaintiff's allegations are sufficient to permit an inference that Plaintiff was denied hospital privileges "solely" on the basis of his alcoholism. *See Menkowitz*, 154 F.3d at 124 (holding that although the plaintiff did not allege that suspension of his staff privileges was solely due to his disability, plaintiff stated a claim under the Rehabilitation Act because certain factual allegations in the complaint would permit such an inference).

Defendant's reliance on *Lewin v. Medical College of Hampton Roads*, 910 F. Supp. 1161, 1172 (D. Va. 1996) in support of a contrary result is unpersuasive. In *Lewin*, the plaintiff alleged he was dismissed as a medical student in violation of the Rehabilitation Act based, in part, on the defendant's perception that the plaintiff had a mental disability. The plaintiff conceded that his perceived disability was not the only reason for his dismissal but argued that he stated a claim under the Rehabilitation Act nonetheless because the causation requirement in the Rehabilitation Act should be interpreted consistent with Title VII, which allows discrimination claims based on mixed motives. *Id*. at 1171. The court rejected the plaintiff's argument and held that because the plaintiff did not dispute that his perceived disability was only one of several reasons for his dismissal, he did not state a claim under the Rehabilitation Act. In contrast, Plaintiff in this case has not alleged any facts that would support an inference that Defendant's actions were based on mixed motives. Nor has he conceded that the denial of privileges was based on anything other than his alcoholism. Therefore, the Court rejects Defendant's assertion that Plaintiff has not adequately pleaded the causation requirement for his Rehabilitation Act claim.

//

//

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED in part and DENIED in part. Plaintiff's claims are dismissed with leave to amend within ten (10) days from the date of this Order, consistent with *Sutton*.

IT IS SO ORDERED.

Dated: August 31, 2006

_____
JOSEPH C. SPERO
United States Magistrate Judge