1   BINGHAM MCCUTCHEN LLP
     ROSS E. CAMPBELL (SBN 75998)
2   *ross.campbell@bingham.com*
     KATHARINE L. WEST (SBN 191284)
3   *katharine.west@bingham.com*
     SAMANTHA REARDON (SBN 240068)
4   *samantha.reardon@bingham.com*
     1900 University Avenue
5   East Palo Alto, CA 94303-2223
     Telephone: (650) 849-4400
6   Facsimile: (650) 849-4800

7   Attorneys for Defendant
     Kaiser Foundation Hospitals, erroneously sued herein as
8   Kaiser Foundation Hospital

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD ROGER WARD, M.D.,<br><br>       Plaintiff,<br>v.<br>KAISER FOUNDATION HOSPITAL,<br><br>       Defendant. | No. C-06-02645 JCS<br><br>NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)<br><br>Date:      November 17, 2006<br>Time:     9:30 a.m.<br>Place:     Courtroom A<br>Mag. Judge: Hon. Joseph C. Spero |

Case No. C-06-02645 JCS

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)
PA/52189656.2

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | TO RONALD M. WARD AND HIS ATTORNEYS OF RECORD: PLEASE |
| 3 | TAKE NOTICE that Defendant Kaiser Foundation Hospitals' (erroneously sued herein as |
| 4 | "Kaiser Foundation Hospital") Motion To Dismiss will be brought for hearing before the |
| 5 | Honorable Joseph C. Spero, Magistrate Judge, Courtroom A of this Court, located at 450 Golden |
| 6 | Gate Avenue, 15th Floor, San Francisco, California at 9:30 a.m. on November 17, 2006, or as |
| 7 | soon thereafter as the matter may be heard. The motion is based on this Notice of Motion and |
| 8 | Motion, the Memorandum of Points and Authorities in Support of Defendants' Motion to |
| 9 | Dismiss, and upon all the pleadings, files and records in this action. |
| 10 | **STATEMENT OF RELIEF REQUESTED** |
| 11 | Defendant moves to dismiss each count of the First Amended Complaint ("FAC") |
| 12 | under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground Dr. Ward has failed to |
| 13 | state a claim upon which relief may be granted under either Title III of the Americans with |
| 14 | Disabilities Act or Section 504 of the Rehabilitation Act. |
| 15 | **SUMMARY OF ARGUMENT** |
| 16 | The First Amended Complaint should be dismissed because plaintiff Dr. Ward |
| 17 | has failed to identify any "major life activity" actually impaired (substantially or otherwise) by |
| 18 | his alleged alcoholism, and his own allegations defeat his claim that defendant perceived him to |
| 19 | be unable to perform any activities as a physician as a result of his alleged alcoholism. Having |
| 20 | failed, for the second time, to allege the existence of any actual or perceived disability, |
| 21 | Dr. Ward's First Amended Complaint should be dismissed with prejudice. |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Kaiser Foundation Hospitals – South San Francisco ("KFH")[1] moved to dismiss the original complaint in this action on the ground that plaintiff Ronald Ward, M.D. had not adequately pled that his alcoholism amounted to a disability under the Americans With Disabilities Act ("ADA") or Rehabilitation Act. This Court granted that motion in part, finding that Dr. Ward had failed to identify any "major life activity" that his alcoholism "substantially impaired" or that KFH regarded as being substantially impaired.

Dr. Ward's First Amended Complaint does not correct the defect. He still does not allege that his alcoholism substantially impaired any major life activity. Instead, he claims liability only under the "regarded as" prong of the ADA, alleging that KFH's Credentialing Committee recommended denying his application for privileges based on "the mistaken impression . . . that Dr. Ward was incapable of performing any activities as a physician." But Dr. Ward's admission that notwithstanding that recommendation, KFH ultimately *granted* his application is fatal to his claim that it regarded him as "incapable of performing any activities as a physician." Since that is the only basis of liability alleged in the First Amended Complaint, and the defect cannot be cured, Defendants respectfully request that the Court dismiss that pleading without leave to amend.

---

[1] This facility is owned by defendant Kaiser Foundation Hospitals ("KFH"). For simplicity, the abbreviation "KFH" will be used herein to refer to both Kaiser Foundation Hospitals and the South San Francisco facility.

## II. SUMMARY OF ALLEGATIONS[2]

Dr. Ward alleges that he is a medical doctor and a "recovered/recovering alcoholic." FAC, ¶ 3. He alleges that alcoholism is "an incurable disease that affects all aspects of a person's life" that, "[u]nchecked and untreated," can result in a number of impairments. *Id.* at ¶ 6. However, he does not claim to have suffered any such impairments himself. To the contrary, he alleges that his alcoholism "never interfered with his medical practice," and that he returned to work as a surgeon after a successful program of rehabilitation. *Id.* at ¶¶ 9-10.

Instead, Dr. Ward alleges that KFH's Credentialing Committee

> denied his application for privileges in its entirety . . . on the basis of his past history of alcohol dependency and his voluntary participation in an extended program of alcohol rehabilitation. . . . It was the mistaken impression . . . that Dr. Ward was incapable of performing any activities as a physician that led to their denial of all privileges at KSSF.

*Id.* at ¶ 12. Dr. Ward alleges that the Credentialing Committee then "relented and agreed to grant restricted privileges to Dr. Ward which would require that he undergo a period of proctoring for 6 months. . . ." *Id.* at ¶ 13. Dr. Ward unsuccessfully challenged the decision to impose the proctoring requirement through KFH's internal hearing procedures (*id.* at ¶¶ 14-18), after which the decision was reported to the National Practitioner Data Bank. *Id.* at ¶ 19. Dr. Ward seeks by this action to set aside that report. *Id.* at ¶¶ 23, 27.

## III. ARGUMENT

### A. Standard of Review

A complaint should be dismissed for failure to state a claim when it "appears

---

[2] The following statement of facts is based on and limited to the facts asserted by Dr. Ward in his First Amended Complaint. Although all allegations of material facts are taken as true for purposes of this motion (*Cahill v. Liberty Mut. Ins. Co.* (9th Cir. 1996) 80 F.3d 336, 337-38 (citations omitted)), KFH reserves the right to contest these facts for any other purpose in this litigation.

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson* (1957) 355 U.S. 41, 45-46; *Robertson v. Dean Witter Reynolds Inc.* (9th Cir. 1984) 749 F.2d 530, 533-34 (finding that dismissal under Rule 12(b)(6) may be affirmed if it is clear that the complaint could not be saved by any amendment). Dismissal is likewise appropriate where a plaintiff has included allegations in the complaint that, on their face, disclose some absolute bar to recovery. *See Weisbuch v. County of L.A.* (9th Cir. 1997) 119 F.3d 778, 783, n.1 ("A plaintiff may plead herself out of court. If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." (internal citations omitted)). As detailed below, defendant KFH is entitled to dismissal of the entire First Amended Complaint, with prejudice.

### B. Definition Of "Disability" Under The ADA And Section 504 Of The Rehabilitation Act.

A plaintiff is disabled within the meaning of both the ADA and Section 504 of the Rehabilitation Act if he has (a) a physical or mental impairment that substantially limits one or more major life activities; (b) has a record of such an impairment; or (c) is regarded as having such an impairment. 42 U.S.C. § 12102(2); 29 U.S.C. §§ 794(a), 705(20)(B)[3] A motion to dismiss is appropriate where the plaintiff fails to allege the substantial limitation of any major life activity. *See, e.g., Puckett v. Park Place Entm't, Corp.* (D. Nev. 2004) 332 F. Supp. 2d 1349, 1355. Where the "major life activity" at issue is working, the plaintiff must allege that he or she

---

[3] Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who . . . operates a place of public accommodation." 42 U.S.C. § 12182(a). Section 504 of the Rehabilitation Act provides, in relevant part: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a).

is "precluded from more than one type of job, a specialized job, or a particular job of choice." *Sutton v. United Air Lines, Inc.* (1999) 527 U.S. 471, 492.

1. **Plaintiff Has Failed To Allege Any Past Or Present Impairment That "Substantially Limits" Any "Major Life Activity."**

In its order partially granting KFH's prior motion to dismiss, this Court found that since Dr. Ward "alleged that his alcoholism did not limit his ability to work, . . . the Court cannot easily infer that a particular major life activity was impaired." Order[4], at 5. In the First Amended Complaint, Dr. Ward again alleges that his alcoholism "never interfered with his medical practice." FAC, ¶ 9. He alleges that alcoholics in general can suffer a variety of impairments (*id.* at ¶ 6), but he does not allege that *he* suffered an actual impairment of any major life activity. For this reason alone, he has failed to state a claim based on any actual past or present disability. *See* 29 C.F.R. § 1630.2(i); *Toyota Motor Mfg., Ky. v. Williams* (2002) 534 U.S. 184, 195 ("Merely having an impairment does not make one disabled for purposes of the ADA. Claimants also need to demonstrate that the impairment limits a major life activity." (citations omitted)); *Burch v. Coca-Cola, Co.* (5th Cir. 1997) 119 F.3d 305, 316-17 (holding that evidence that alcoholics, in general, are impaired is not sufficient to satisfy the "substantial limitation" element of an ADA claim; a plaintiff bears the burden of pleading and proving substantial limitation in his particular case); *Equal Employment Opportunity Comm'n v. Exxon Corp.* (N.D. Tex. 1997) 973 F. Supp. 612 (holding that rehabilitated substance abusers are not automatically disabled but still "must prove they suffer from a 'disability' as that term is defined in 42 U.S.C. § 12102(2)."); *Equal Employment Opportunity Comm'n v. Exxon Corp.* (N.D. Tex. 2000) 124 F. Supp. 2d 987, 1015 (holding that individuals with a history of substance abuse were

---

[4] Referring to this Court's Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6) and Dismissing Complaint with Leave to Amend ("Order") dated August 31, 2006.

not disabled or regarded as disabled within the meaning of the ADA.).

### 2. Dr. Ward Has Failed To Allege Facts Sufficient To Support "Regarded As" Liability.

Dr. Ward also alleges that KFH's Credentialing Committee initially recommended denying his privilege application in its entirety based on "the mistaken impression . . . that Dr. Ward was incapable of performing any activities as a physician. . . .". See FAC, ¶ 12. But Dr. Ward cannot state a claim for "regarded as" liability, since that initial recommendation notwithstanding, KFH's ultimate decision was to *grant* Dr. Ward privileges, subject to a six month proctoring requirement. *Id.* at ¶ 13. That is the decision which became final, and is the subject of the Adverse Action Report of which Dr. Ward complains in this action. *Id.* at ¶¶ 19, 22-23[5], 26-27 and Prayer (praying only for injunction to "remove" or "void" the Adverse Action Report, and attorneys' fees).

As a matter of law, KFH cannot have regarded Dr. Ward as incapable of working as a physician, since it granted him privileges to do just that – subject only to a six month proctoring requirement. *See, e.g., Sherrod v. Am. Airlines, Inc.* (5th Cir. 1998) 132 F.3d 1112, 1121 (affirming summary judgment for employer, holding that employer's attempts to place employee in other positions "could only permit a reasonable jury to conclude that American believed Sherrod to be qualified for other positions"); *Gee-Jann v. St. Mary's Hosp.*, No. C 96-4287 SI, 1998 WL 19457, at *8 (N.D. Cal. Jan. 5, 1998) (finding that defendant hospital did not perceive the plaintiff nurse to be "substantially limited in her ability to work in the nursing industry" where it had "informed plaintiff of other nursing vacancies at the hospital, and

---

[5] *See also* RFJN, Ex. A at 4:22-25 (statement by Dr. Ward's counsel in state court action that "The problem with this for Dr. Ward is that the granting of restricted privileges resulted in Kaiser Foundation Hospital's filing of an *Adverse Action Report* with the National Practitioner Data Bank."). Motions to dismiss may be based on pleadings and matters properly subject to judicial notice, including public records from state court adjudications, without converting the Rule 12(b)(6) motion into one for summary judgment. *Boateng v. InterAmerican Univ., Inc.* (1st Cir. 2000) 210 F.3d 56, 60.

| | |
|---|---|
| 1 | repeatedly invited plaintiff to schedule a meeting with Human Resources to discuss returning to |
| 2 | work. . . ."); *Sutton*, 527 U.S. at 491 (affirming dismissal of complaint, holding that "[w]hen the |
| 3 | major life activity under consideration is that of working, the statutory phrase 'substantially |
| 4 | limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of |
| 5 | jobs."). For this reason, Dr. Ward has not stated and cannot state a claim under the ADA or the |
| 6 | Rehabilitation Act on the basis of perceived disability. |
| 7 | **IV. CONCLUSION** |
| 8 | For the foregoing reasons, KFH respectfully requests that the Court dismiss the |
| 9 | First Amended Complaint with prejudice. |
| 10 | DATED: October 2, 2006 |

BINGHAM MCCUTCHEN LLP

By: _____
Samantha Reardon
Attorneys for Defendant
Kaiser Foundation Hospitals