UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ROGER WARD, M.D., | No. C-06-2645 JCS |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) [Docket No. 36]** |
| KAISER FOUNDATION HOSPITAL, | |
| Defendant. | |

## I.  INTRODUCTION

In this disability discrimination case, Defendant challenged the sufficiency of Plaintiff's claims in a motion to dismiss filed June 26, 2006. In an Order filed August 31, 2006 ("the August 31, 2006 Order"), the Court granted in part and denied in part Defendant's motion, holding that Plaintiff had failed to allege an actual or perceived disability under the Americans with Disabilities Act ("ADA), 42 U.S.C. § 12182(a), or the Rehabilitation Act, 29 U.S. C. § 794(a).  Plaintiff subsequently filed a First Amended Complaint and Defendant now brings a Motion to Dismiss First Amended Complaint Pursuant to FRCP 12(b)(6) ("the Motion"). The Court determines that the Motion is suitable for determination on the papers, without oral argument, pursuant to Civil Local Rule 7-1(b). Accordingly, the motion hearing scheduled for **November 17, 2006** at 9:30 a.m. is vacated. **The Further Case Management Conference scheduled for the same time and date remains on calendar.**  For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

## II. BACKGROUND[1]

Plaintiff alleges that he is a recovering alcoholic and that Defendant discriminated against him, in violation of both the ADA and the Rehabilitation Act, on the basis of his alcoholism. In its August 31, 2006 Order, the Court dismissed both of Plaintiff's claims on the grounds that: 1) he failed to allege an actual impairment of any major life activity, such as working, and no such impairment could be inferred in light of Plaintiff's affirmative allegation that his ability to work was not affected by his alcoholism; and 2) Plaintiff failed to allege that he was discriminated against on the basis of a perceived impairment. The court gave Plaintiff leave to amend.

In his First Amended Complaint, Plaintiff added the following allegations that are relevant to the Motion:

> 6. Dr. Ward suffers from the disease of alcoholism. It is an incurable disease which affects all aspects of a person's life. Unchecked and untreated, it will reduce a person's life span and reduce even the most talented professional to a person unemployable at any job. It affects a person's physical well-being as well as that person's mental awareness, concentration, memory, and judgment. It also affects the social well-being of the alcoholic. In addition, the stigma which attaches to the alcoholic is pervasive. A person who bears the stigma of being an alcoholic is forever perceived as a person out of control and incapable of working or being a socially productive member of society.
>
> 7. In the case of Dr. Ward, his peers at Kaiser South San Francisco perceived him to be an alcoholic, incurable and incapable of any of a broad range of surgical jobs for which he was well qualified. The *Peer Review Committee*, which had virtual control over whether Dr. Ward would be allowed to practice surgery at their hospital, thought him, as an alcoholic, to be untrustworthy and not to be allowed to practice any kind of medicine in their facility.
>
> . . .
>
> 12. Dr. Ward dutifully applied for privileges at Kaiser South San Francisco in order to participate in the shared on call arrangement. Despite the extensive and successful proctoring of Dr. Ward by the *Physicians and Credentialing Committees* of Kaiser San Francisco, the *Credentialing Committee* at Kaiser South San Francisco denied his application for privileges in its entirety on January 3, 2003, on the basis of his past history of alcohol dependency and his voluntary participation in an extended program of alcohol rehabilitation. Defendants mistakenly believed that Dr. Ward had a physical impairment which substantially limits the major life activity of working as a

---

[1] Because the factual allegations in the First Amended Complaint largely mirror the allegations in the original complaint, which was discussed at length in the Court's August 31, 2006 Order, the Court addresses here only the new allegations in the First Amended Complaint that are relevant to the Motion.

    surgeon in a variety of fields. In fact, this group of doctors mistakenly believed that a fellow doctor who was an alcoholic was not capable of performing the services of a physician. In this belief they were mistaken; Dr. Ward was in fact and in deed a recovering alcoholic who kept his alcoholism in check by daily and weekly meetings and support group activities and other methods which allowed him to function as well, or superior to, other physicians in his field. It was the mistaken impression . . . that Dr. Ward was incapable of performing any activities as a physician that led to their denial of all privileges.

13. Subsequent to their complete denial of any privileges at Kaiser South San Francisco, the *Credentialing Committee* relented and agreed to grant restricted privileges to Dr. Ward which would require that he undergo a period of proctoring for 6 months at KSSF despite his successful completion of an extensive proctoring at KSF. The result of this action would be the filing of yet another 805 report to the California Medical Board. By the time the credentialing committee took the action imposing restrictions on the privileges at KSSF in order to participate in the shared on-call program, the shared on-call program no longer existed in part because of the lack of trust of the abilities of the proctoring physicians and committees at KSF exhibited by the physicians and committees at KSSF in denying privileges to Dr. Ward.

First Amended Complaint ("FAC"), ¶¶ 6, 7, 12, 13.

    Defendant asserts in its Motion that Plaintiff's First Amended Complaint again fails to state a claim for two reasons: 1) Defendant has not alleged any major life activity that is actually impaired; and 2) although Plaintiff has now alleged that he was perceived as being impaired in the major life activity of working, his "regarded as" disability discrimination claim fails as a matter of law because he concedes in his First Amended Complaint that he was ultimately granted privileges at KSSF, showing that he was not regarded as having a disability by defendant.

## II. ANALYSIS

### A. Standard of Review

    A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000). All allegations of material fact in the complaint are assumed to be true and construed in the light most favorable to the non-moving party. *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).

3

### B. Actual Disability

To the extent Plaintiff's discrimination claims are based on the theory that he was *actually* impaired in a major life activity, Plaintiff fails to state a claim in his First Amended Complaint. Like his original complaint, Plaintiff's First Amended Complaint alleges that Plaintiff functioned "as well [as], or superior to, other physicians in his field." Complaint, ¶ 12. As a result, the First Amended Complaint does not support an inference that Plaintiff has an actual impairment that affects the major life activity of working. Nor do Plaintiff's allegations concerning the symptoms that are often associated with alcoholism give rise to an inference that Plaintiff is impaired as to some other major life activity, given that he has not alleged that he himself has experienced any of these symptoms. Thus, the discrimination claims fail to the extent they are based on actual impairment.

### C. Perceived Disability

In his First Amended Complaint, Plaintiff has added allegations that he was regarded as being an alcoholic and therefore unable to perform the "major life activity of working as a surgeon in a variety of fields." Complaint, ¶ 12. Plaintiff's allegations are sufficient to address the deficiencies described in the Court's August 31, 2006 Order as to Plaintiff's claims based on perceived disability. Therefore, the Court finds that Plaintiff states claims to the extent he relies on the theory of perceived disability.

The Court rejects Defendant's assertion that because Plaintiff was ultimately granted privileges at KSSF, Defendant could not, as a matter of law, have regarded him as disabled. Given that Plaintiff alleges his privileges at KSSF were conditioned upon completion of additional proctoring – which itself resulted in a report to the California Medical Board – the Court cannot conclude at this stage of the case that Plaintiff's perceived disabilities claims fail as a matter of law. Rather, this is a question that is more appropriately addressed on summary judgment.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED in part and DENIED in part. To the extent the claims in Plaintiff's First Amended Complaint are based on actual disability, those

4

claims are dismissed with prejudice. To the extent the claims in Plaintiff's First Amended Complaint are based on perceived disability, those claims survive Defendant's Motion.

IT IS SO ORDERED.

Dated: November 13, 2006

_____
JOSEPH C. SPERO
United States Magistrate Judge